NO. 07-01-0101-CV

IN THE COURT OF APPEALS FOR THE 

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 29, 2001

__________________________________

In re ANTONIO SEPEDA, 

Relator

__________________________________

ORIGINAL PROCEEDING

__________________________________

Before Quinn, Reavis, and Johnson, JJ.

Pending before the court is the petition for writ of mandamus filed by Antonio Sepeda (Sepeda).  Therein, he requests that we direct the Hon. Lee Waters, district judge of the 223
rd
 Judicial District, to “enforce its jurisdiction and hold Defendants in contempt of court.”  He is allegedly entitled to the relief because 1) the “Defendants” have failed to comply with orders mandating their production of various discovery documents and 2) the trial court “refuses to pursue it [sic] own orders.”  We deny the petition for the following reasons.

First, Sepeda failed to attest (via affidavit, verification, or unsworn declaration) to the accuracy of the factual allegations contained in the petition.  Texas Rule of Appellate Procedure 52.3 requires such an attestation.  

Second, Sepeda stated that the trial court ordered the “Defendants” to provide the discovery he sought and that it failed to enforce its order through contempt.  However, no order directing the “Defendants” to comply was included in Sepeda’s petition or any appendix thereto.  Texas Rule of Appellate Procedure 52.3(j)(1)(A) mandates that said order be provided to the court.  Indeed, before a court can be directed to enforce an order it must be shown that the order exists.  Sepeda has not done that here.

Third, to the extent Sepeda has attached to his petition a copy of a motion for contempt allegedly filed with the trial court, the document has a file-mark of October 6, 2000.  Furthermore, in that instrument he complained of the “Defendants” failure to respond to his prior request for the production of documents.  However, also attached to the petition is a response of the “Defendants” to said request for production.  Additionally, the response is file-marked October 31, 2000, that is, 25 days 
after
 the motion for contempt was filed.  Next, nowhere in the record before us is a copy of an instrument filed with the trial court which evinces any complaint by Sepeda about the sufficiency of the October 31
st
 response.  Nor do we have before us a document filed with the trial court requesting the latter to hold the October 31
st
 instrument deficient or non-responsive to the prior discovery request.  In short, it appears that in answer to Sepeda’s motion to hold the “Defendants” in contempt, the latter tendered their response to Sepeda’s discovery requests.  In addition, nothing of record indicates that Sepeda complained to the trial court about the tenor or sufficiency of that response.  

The trial court must be afforded opportunity to act upon a complaint before it can be compelled to act through mandamus.  
In re Carter, 
958 S.W.2d 919, 922 (Tex. App.–Amarillo 1997, no pet.) (holding that the court must refuse to act upon a matter before mandamus can issue).  Because the record fails to illustrate that the court was afforded that opportunity 
viz
 the “Defendants” response to Sepeda’s request for production, we are not at liberty to issue mandamus directing the trial court to act.

Accordingly, the petition for writ is denied.

Brian Quinn

    Justice

Do not publish.